## LAW *versus* PAYSON.

It is not allowable for a party to prove, by his own witness, what that witness has said, or what the mere purpose of the witness' mind had been, on former occasions.

Upon the question whether a sale was fraudulent, it is not allowed that the party, claiming under the sale, should prove that the grantor, after the sale, performed an honest act, relative to the same subject-matter.

REPLEVIN, of a horse and sleigh.

Hunton & Greeley were co-partners in business. They owned the horse and sleigh, and Hunton sold the same to the plaintiff, taking his note payable to the firm. They were afterwards attached, as the property of the firm, by the defendant, a deputy sheriff, on a writ in favor of Reed & Co. This action of replevin was then brought. The defence was, that the sale to the plaintiff was intended to defraud creditors. Judgment was recovered on default by Reed & Co. in their said suit.

The plaintiff contended that Hunton sold him the property, through a well grounded conviction, that Greeley intended to misappropriate the same, with the other company property, so that their creditors should be defrauded, or that Hunton should be alone compelled to pay their debts. To prove this defence, the plaintiff introduced Hunton as a witness, and offered to prove by him : —

1. That he, the witness, applied to Mr. Vose, the attorney of Reed & Co., to advise them to come and secure their debt.

2. That the witness' purpose, in selling the horse and sleigh to the plaintiff, was to secure the property for the creditors, against the purpose of Greeley to defraud them.

3. That the witness, subsequently to the commencement of this suit, offered to turn out to a creditor of the firm, the note given by the plaintiff for the property in question

The testimony, thus offered, was rejected.

It appeared that Hunton had taken certain goods from the store, and the plaintiff offered to prove by him that they were so taken for the purpose of securing them from Greeley for the creditors. This testimony was rejected.

There was evidence tending to show that Reed & Co. had received, in property and demands, the full amount due them, and that their judgment was therefore fraudulent.

WELLS, J., presiding at the trial, was requested to instruct the jury, *that*, if Reed & Co. had received property to the amount of their demand, and sufficient to satisfy their execution, without the horse and sleigh, they have no right to question the plaintiff's title ; —

*that* Hunton had a right to sell the horse and sleigh for the purpose of preventing a misappropriation of them by Greeley ; — and *that*, (there being no proof that there were any oxen or any other horse, belonging to the partners or either of them,) the horse was exempt from attachment.

But the Judge instructed the jury, *that* the judgment in Reed & Co.'s suit was conclusive on the plaintiff, until it was reversed, or was proved to have been obtained by collusion or fraud ; — *that*, if the sale by Hunton to the plaintiff was made to delay, defraud or defeat creditors, the plaintiff could not maintain this action ; — *that* the plaintiff could not avail himself of the statute, exempting horses from attachment and execution, not having taken that defence till near the close of his argument, and there not having been any evidence laid before the jury in reference to that subject.

The jury found for the defendant, and the plaintiff excepted.

*Ruggles,* for the plaintiff.

The offered evidence ought to have been received.

The propriety of it grew out of the course of the defendant's evidence.

The sending by Hunton to the creditors was provable.

It was the purpose of Hunton not to defeat creditors, but to protect them and himself.

Law *v.* Payson.

If a fraudulent intent be provable, so may an honest one be proved, by way of repelling. Intention in collateral matters may be proved. 4 Maine, 172 ; 17 Maine, 341.

If there was fraud in Hunton, the knowledge of it by the plaintiff ought to be shown.

*Lowell,* for the defendant.

WELLS, J., orally. —

1. The proof first offered was merely to show what declarations the witness himself had previously made ; — and the —

2. Second offered proof was to show, not an act done, but a mere purpose of the mind. Such proofs are not admissible.

3. The third offered proof was to show that Hunton had, *after this suit,* offered to turn out to a creditor the note which the plaintiff had signed. But the transaction charged, as a fraud, had already been perpetrated. Fraud cannot be purged by subsequent honesties. Besides, it was but an offer to prove a third person's declaration.

4. The judgment recovered by Reed & Co. is to be held valid until reversed, or shown to have been procured by collusion.

5. The statute, which exempts the horse of a debtor from attachment, cannot avail the plaintiff. It was not shown that it was the debtor's only horse. And if it were, the sale to the plaintiff did not transfer to *him* the exemption.

6. Whether this plaintiff had knowledge of Hunton's intent to defraud creditors, was not drawn into question at the trial, and no request was made for instructions upon that point.

*Exceptions overruled.*